UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                         Case No. 23-72178-reg

Michael Elsworth Denton
*aka* Michael E. Denton,

                                         Chapter 7

                       Debtor.
----------------------------------------------------------------x

## DECISION

Before the Court is a motion ("Motion") by judgment lien creditor, Milind G. Chavre ("Chavre"), objecting to the homestead exemption claimed in this case by the Debtor, Michael Elsworth Denton ("Debtor"), under 11 U.S.C. § 522(b)(3) and Rule 5206 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R."). The subject property, which is owned by the Debtor, is a four-unit apartment building located at 128 Colonial Avenue, Freeport, New York 11520 ("Subject Property"). The Debtor claims to have lived at the Subject Property, not in one of the apartments, but rather in the unfinished basement with no bathroom facilities and no certificate of occupancy, as of the date of his bankruptcy filing in 2023.

Chavre argues that the Debtor is legally precluded from claiming the homestead exemption for the Subject Property because this issue was previously litigated and decided in a state court proceeding. In that case, in 2021, the state court ruled, in the context of a judgment lien foreclosure proceeding commenced by Chavre, that the Debtor did not in fact live at the Subject Property and therefore the homestead exemption was not available. Alternatively, on the merits, Chavre argues that the Debtor did not live at the Subject Property as of the date he filed his bankruptcy petition and therefore he cannot claim the exemption. Chavre argues that because the Debtor spends more time in Pennsylvania than in New York, the Subject Property does not

qualify for the homestead exemption. Finally, Chavre argues that the basement, the section of the Subject Property where the Debtor claims to reside, has neither bathroom facilities nor a certificate of occupancy, and therefore cannot constitute a residence as required by the statute.

The Debtor argues that he is entitled to claim the homestead exemption in the Subject Property because: (1) the state court ruling denying him the homestead exemption was decided nearly two years prior to the instant bankruptcy filing and therefore is not determinative of the Debtor's residence as of the date of the bankruptcy filing; (2) although he does travel to and work in Pennsylvania for extended periods of time, as of the date of the bankruptcy filing he was and remains a resident of New York and continues to reside at the Subject Property more than any other location; and (3) the fact that the basement has no bathroom and no certificate of occupancy does not in itself prevent him from claiming the exemption.

For a debtor to successfully claim the homestead exemption in bankruptcy, the subject property must constitute (i) a lot of land with a dwelling thereon, (ii) which the debtor owns, (iii) and occupies, (iv) as his or her principal residence as defined by the applicable law. All of this must be true as of the date of the bankruptcy filing. A party objecting to the debtor's claimed homestead exemption must prove by a preponderance of the evidence that the subject property does not meet the homestead exemption requirements as set forth above.

The Court finds that the Debtor is entitled to claim the homestead exemption for the Subject Property in this bankruptcy case. The Debtor undisputedly owns the Subject Property. The Debtor has sworn under penalty of perjury that he occupied the Subject Property as his principal residence as of the date of the bankruptcy filing. Chavre has failed to prove otherwise by a preponderance of the evidence and has failed to present evidence to the Court of any alternative residence where the Debtor might live.

Chavre's objection also raises an argument in this case which requires the Court to decide whether a debtor can claim residency under the homestead exemption if he claims to sleep on a cot in an unfinished basement with no bathroom, and for which basement there is no certificate of occupancy. This argument requires a careful reading of the statute which, this Court finds, does not require that a debtor's chosen place of residency meet any standard of habitability that may apply for other purposes. If a debtor alleges that he sleeps on a cot in an area of a dwelling which has no bathroom, a court may take that into consideration in determining whether it is reasonable to conclude the debtor does in fact reside there. However, if the court finds the weight of the evidence supports a finding that the debtor did in fact reside in such conditions as of the date of the bankruptcy filing, it is not for the court to judge the debtor's choice to do so.

For the reasons that follow, the Court finds that it is not bound by the state court's 2021 determination as to the homestead exemption, and Chavre has not sustained his burden of proof in objecting to the Debtor's claimed homestead exemption. The homestead exemption in the Subject Property will therefore be allowed for purposes of this bankruptcy proceeding.

### Facts and Procedural History

The Debtor is a self-employed handyman. Chavre obtained a $499,650 judgment against the Debtor and his company, Tri County Builders, Inc., in state court on October 30, 2019, arising from the defendants' breach of the parties' construction contract.[1] Chavre Am. Proof of Claim No. 1. On March 17, 2020, Chavre commenced a proceeding in state court to sell the Subject Property and another property owned by the Debtor located at 650 Winthrop Drive in Uniondale ("Winthrop Dr. Property"). On April 6, 2021, the state court issued an order, directing

---

[1]     While the principal amount of the judgment is $499,650, that amount has grown to $663,259.60 as of the date of the filing of this bankruptcy case, evidenced by Chavre's Proof of Claim.

that both properties be sold and the proceeds distributed according to lien priorities. At that time, the state court found the Debtor was not entitled to claim the homestead exemption in the Subject Property because he did not reside there. Chavre Obj., Ex. 8, ECF No. 15.[2]

A sheriff's sale of the Subject Property was scheduled for November 29, 2022, which sale was stayed when the Debtor, *pro se*, filed for chapter 7 relief on November 23, 2022. (Bankr. E.D.N.Y. Case No. 22-73304) ("2022 Bankruptcy Case"). Chavre Obj., ECF No. 15. In the 2022 Bankruptcy Case, the petition stated that the Debtor lived at 481 Jerusalem Avenue, Uniondale, NY ("Jerusalem Ave. Property").[3] The 2022 Bankruptcy Case was dismissed on January 25, 2023 due to the Debtor's failure to file schedules and other required documents. After this dismissal, Chavre scheduled a second sale for June 21, 2023. Chavre Obj., ECF No. 15.

The Debtor filed the instant chapter 7 bankruptcy petition on June 19, 2023 ("Petition Date") with the assistance of bankruptcy counsel. In the petition, the Debtor stated, under penalty of perjury, that he lived at the Subject Property at that point in time. Petition, ECF No. 1. The Debtor claimed a homestead exemption for the Subject Property in the amount of $179,950.00 under Bankruptcy Code § 522(b) and N.Y. C.P.L.R. 5206. Sch. C, ECF No. 10.

According to the Debtor, he moved into the unfinished basement at the Subject Property due to the foreclosure of his previous residence, the Jerusalem Ave. Property, and he has resided at the Subject Property on a regular basis as his principal residence since January 2023. Chavre

---

[2]     The Debtor filed a verified answer, sworn to by the Debtor on August 24, 2020, in the state court action and at that time the Debtor's address was 481 Jerusalem Avenue, Uniondale, NY. Chavre Obj., Ex. 4, ECF No. 15.

[3]     The Debtor had also filed a *pro se* chapter 13 petition on January 7, 2020. (E.D.N.Y., Case No. 20-70096) ("2020 Bankruptcy Case"). In the 2020 Bankruptcy Case, the petition also stated that the Debtor lived at the Jerusalem Ave. Property.

Obj., Ex. 15, ECF No. 15; Denton Aff. in Opp. ¶4, ECF No. 20. He maintains that he sleeps on a cot with no bathroom because all four of the apartment units at the Subject Property were rented. Denton Aff. in Opp. ¶5. The Debtor claims he works as a handyman in Pennsylvania repairing and rehabilitating houses, and he spends several days or even weeks there at a time, but he does not have a specific address in Pennsylvania, and it has never been his residence. *Id.* ¶6. Rather, he says he always returns back to New York and his residence at the Subject Property. *Id.* Although the Debtor was living in the basement on the Petition Date, he anticipated moving into one of the rental units when one became available. *Id.* ¶4.

On August 25, 2023, Chavre filed a combined motion seeking both relief from the automatic stay to proceed with the sheriff's sale of the Subject Property, and an order disallowing the Debtor's homestead exemption in the Subject Property (the "Motion"). Chavre Obj., ECF No. 15. On September 18, 2023, the Court held a hearing on the Motion. The Debtor did not oppose the Motion to the extent it sought relief from the stay to proceed with the sale. On September 23, 2023, this Court entered an order granting Chavre relief from the stay to proceed with a sale of the Subject Property and directing that $179,950, representing the disputed homestead exemption amount, be held in Chavre's attorneys' escrow account and only released upon further order of this Court. Order Granting Relief from Stay, ECF No. 28. The remainder of the Motion, to the extent the Motion objected to the Debtor's homestead exemption, was taken under advisement. Both parties filed supplemental papers, including an affidavit by the Debtor stating that since the September 18, 2023 hearing date, one of the tenants at the Subject Property was evicted and the Debtor moved from the basement into the vacant unit. Denton Supp. Aff. in Opp. ¶6, ECF No. 34.

## DISCUSSION

The Debtor's ownership of the Subject Property is not disputed. Chavre relies on two main arguments to disallow the homestead exemption. First, Chavre argues that the *Rooker-Feldman* doctrine and/or principals of collateral estoppel preclude this Court from making a determination as to the homestead exemption because the state court, in 2021, disallowed the Debtor's homestead exemption as to the Subject Property. Alternatively, Chavre argues that the unfinished basement of the Subject Property was not the Debtor's primary residence within the meaning of N.Y. C.P.L.R. 5206 because the Debtor did not reside there as of the Petition Date, and even if he did there is no certificate of occupancy for the basement, which is required in order to reside there.

### 1. *Rooker-Feldman* and collateral estoppel

Generally, the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction to review matters that have already been decided by the state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker* and *Feldman* decisions, and their progeny have articulated four requirements for applying this jurisdictional doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). First, the party seeking relief in federal court must have been the loser in the state court proceeding. *Hoblock*, 422 F.3d at 85. Next, the party must be complaining of injuries caused by the state court's judgment. *Id.* The third requirement is that the party invites the federal court to review and reject the state court judgment, and finally, the state court must have rendered its judgment before the federal action commences. *Id.*

Collateral estoppel, under New York law, prevents a party from relitigating an issue when: "(1) the identical issue necessarily was decided in the prior action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 61 (2d Cir. 2007) (citations omitted), *cert. denied*, 55 U.S. 1097 (2009).

The Court finds that it is bound by neither *Rooker-Feldman* nor collateral estoppel because the issue presented here is the Debtor's residency as of the Petition Date. Therefore, the issue of his entitlement to claim the homestead exemption in this bankruptcy was not, and could not have been, decided by the state court in 2021.

"The commencement of a [bankruptcy] case . . . creates an estate." 11 U.S.C. § 541(a). Section 541(a) of the Bankruptcy Code provides that property of the estate includes, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Generally, property of the estate is available for distribution to creditors in the order of priorities set forth in § 726 of the Bankruptcy Code. 11 U.S.C. § 726. In a bankruptcy proceeding, exemptions, either state or federal, allow a debtor to shield certain assets from distribution to creditors. Bankruptcy Code § 522(b) allows a debtor in bankruptcy to exempt*, i.e.*, remove from property of the estate, any property that is exempt under state law "that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the [2 years] immediately preceding the date of the filing of the petition . . . " 11 U.S.C. § 522(b)(3)(A). Exempt property "is not liable during or after the case for any debt of the debtor that arose" prior to the bankruptcy, with some exceptions. 11 U.S.C. §

522(c).[4] "The rationale for protecting certain property from creditor claims provides a debtor with some comfort that he or she will not be impoverished [but rather will] emerge from bankruptcy with a fresh start. 'Exemptions prevent a debtor from losing everything. They also promote a debtor's fresh start after the bankruptcy discharge because the debtor will be able to use the exempt property to aid in financial rehabilitation.'" *In re Ward*, 595 B.R. 127, 136 (Bankr. E.D.N.Y. 2018) (footnote omitted) (quoting *In re Little*, No. 05-68281, 2006 WL 1524594, at *3 (Bankr. N.D.N.Y. Apr. 24, 2006)).

"[A] determination of what is property of the estate and concurrently, of what is available for distribution to creditors of that estate, is precisely the type of proceeding over which the bankruptcy court has exclusive jurisdiction." *All Am. Laundry Serv. v. Ascher (In re Ascher),* 128 B.R. 639, 643 (Bankr. N.D. Ill.1991). This is so, even though such a determination may rest upon interpretation of state law. *Id.*; *see also In re Reliance Gp. Holdings, Inc.*, 273 B.R. 374, 394–95 (Bankr. E.D. Pa. 2002); *Pension Benefit Guar. Corp. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.),* 138 B.R. 442, 445 (D. Del. 1992) (holding that determination regarding property of the estate is a core proceeding).

Just as the scope of property of the estate must be determined as of the date of the filing of the bankruptcy petition, so must a debtor's eligibility for exemptions claimed in the bankruptcy. *See* 11 U.S.C. § 522(b)(3)(A); *Owen v. Owen*, 500 U.S. 305, 314 n.6 (1991); *In re Ward*, 595 B.R. 127, 138 (Bankr. E.D.N.Y. 2018 (Scarcella, J.) ("to determine whether a debtor

---

[4]    Aside from removing certain property from the realm of property of the estate and putting those funds beyond the reach of unsecured creditors in a bankruptcy proceeding, a valid homestead exemption may be used in bankruptcy to avoid certain judicial liens under Bankruptcy Code § 522(f). The Debtor has not, to date, sought to avoid Chavre's lien under § 522(f).

is entitled to a homestead exemption, courts look to the debtor's ownership and occupancy of the homestead as of the petition date"). While post-filing events "are not directly relevant to Debtor's eligibility for a homestead exemption, the Court may properly consider them to the extent that they are probative of facts as they existed at the earlier date." *Town of Skaneateles v. Scott (In re Scott)*, 233 B.R. 32, 37 (Bankr. N.D.N.Y. 1998).

Here, in 2021, in the context of the pending judgment lien foreclosure action, the state court determined that the Debtor was not entitled to claim the homestead exemption for the Subject Property because the Debtor did not reside there. The Debtor argues that the issue decided by the state court is entirely different from the issue to be decided by this Court. In the context of the *Rooker-Feldman* doctrine, the Debtor argues that he is not inviting this Court to review or reject the state court denial of the homestead exemption. Rather, he argues that entitlement to the homestead exemption as of the Petition Date is a new issue to be decided by this Court. Similarly, in the context of Chavre's collateral estoppel argument, the Debtor would argue that the issue decided by the state court is not identical to the issue to be decided by this Court. The Court agrees with the Debtor.

The question presented to this Court is whether the Debtor can assert the homestead exemption in this bankruptcy case based on facts as they existed on the Petition Date in June 2023. Chavre's previous objection to the homestead exemption in the Subject Property, and the state court's resulting denial of the homestead exemption, were based on the Debtor's residency in 2021. *See* April 1, 2021 Order of Judge Cozzens, Chavre Obj., Ex. 8, ECF No. 15 (stating "[Chavre] maintains that there is no homestead exemption, in that Mr. Denton does not reside at the properties," and then ultimately concluding that "[t]here is no homestead exemption . . ."). Therefore, this Court may find that, as of the Petition Date, *i.e.*, June 19, 2023, the Subject

Property was the Debtor's principal residence without conflicting with the state court's judgment that it was not his principal residence at another point in time. *See Morgan v. FDIC (In re Morgan)*, 149 B.R. 147 (9th Cir. B.A.P. 1993) (finding bankruptcy court not bound by state court finding which denied the homestead exemption because that finding was made 14 months prior to bankruptcy filing and bankruptcy exemptions must be determined as of the bankruptcy filing date). *Cf. Little v. Reaves (In re Reaves)*, 256 B.R. 306 (9th Cir. B.A.P. 2000) (finding that prior state court determination that debtor was not entitled to motor vehicle exemption under California law did not collaterally estop debtor from asserting a special vehicular exemption available only to debtors in bankruptcy), *aff'd*, 285 F.3d 1152 (9th Cir 2002); *Tumbarello v. Ramsey (In re Ramsey)*, No. 21-10230-MKN (Bankr. D. Nev. June 21, 2021) (finding that "nothing would prevent [creditor] from renewing an objection to the homestead claim in this Chapter 7 proceeding based on facts, if any, not adjudicated by the State Court.").

The Debtor's assertion of the homestead exemption in this bankruptcy case under § 522(b) could only have arisen in the context of this bankruptcy proceeding. For this reason and all of the foregoing reasons, the Court finds that it is not bound by the *Rooker-Feldman* doctrine or collateral estoppel, and will continue with its analysis of whether the Debtor is entitled to claim the homestead exemption as to the Subject Property in this bankruptcy proceeding.

2. **Application of N.Y. C.P.L.R. 5206**

Here, the Debtor chose to avail himself of the New York exemptions, rather than federal exemptions. Relevant here, N.Y. C.P.L.R 5206 provides that a lot of land with a dwelling thereon not exceeding $179,950 "owned and occupied as a principal residence, is exempt from

application to the satisfaction of money judgments." N.Y. C.P.L.R. 5206(a).[5] Bankruptcy courts have held that qualifying under this statute requires that, as of the petition date, (1) the debtor owned and occupied the property at issue, and (2) the property was their principal residence as they resided there on a more regular basis than any other location. *See, e.g.*, *In re Apergis*, 539 B.R. 24m 28-29 (Bankr. E.D.N.Y. 2015) (Lord, J.) (allowing homestead exemption to debtor who had been absent from the property for more than one year while renting it out, but who, as of the bankruptcy petition date, had moved back into the residence while property was in foreclosure and schedule to be sold). Entitlement to the homestead exemption should be construed liberally in favor of the debtor, and the objecting party bears the burden of proving by a preponderance of the evidence that the debtor is not entitled to the exemption. Fed. R. Bankr. P. 4003(c); *KLC, Inc, v. Trayner,* 426 F.3d 172 (2d Cir. 2005).

Various legal and factual issues have been raised in this matter. First and foremost, did the Debtor occupy the Subject Property as his principal residence as of the Petition Date, *i.e.,* did he reside there, and if he did reside there, did he do so on a more regular basis than any other location? If the answer is no, then the analysis stops there. The Debtor's homestead exemption in the Subject Property should be denied. If the answer is yes, then the Court must address how the habitability or lack thereof of the unfinished basement bears on the determination of whether the Subject Property can or should be found to be the Debtor's principal residence as that term is used in the statute.

---

[5] Section 282 of N.Y. Debtor and Creditor Law states that to the extent permitted under Bankruptcy Code § 522(b), an individual debtor domiciled in New York may exempt from property of the estate personal and real property exempt from application to the satisfaction of money judgments under N.Y. C.P.L.R. 5205 and 5206.

**A.  *Did the Debtor occupy the Subject Property as his principal residence as of the Petition Date?***

Chavre argues that the Debtor did not actually reside at the Subject Property as of the Petition Date. In support, Chavre submits declarations from two (2) tenants living at the Subject Property which state that the Debtor "does not reside in the basement" at the Property. Chavre Reply Decl., Ex. 1, ECF No. 23, Decl. of Roxana Ramos, dated September 13, 2023; Chavre Reply Decl., Ex. 1, ECF No. 31, Decl. of Wanda Stanton, dated September 20, 2023. The Debtor submits an affidavit from another tenant stating that the Debtor does reside in the basement at the Property and has done so since the beginning of 2023. Denton Supp. Aff. in Opp., Ex. A, ECF No. 24, Aff. of Milton Gonzalez, dated September 15, 2023. Each of the affidavits contains a short, conclusory statement that the Debtor does or does not live at the Subject Property. The Court could reconcile the two tenant declarations stating that the Debtor does not live in the basement with the fact that the Debtor admittedly spends a large amount of time in Pennsylvania working. It is entirely possible that these tenants just are not aware that the Debtor resides in the basement when he is not in Pennsylvania working. In light of the conflicting affidavits, the Court will not give weight to any of them. The Court is therefore left with the Debtor's sworn affidavit, Affirm. in Opp., ECF No. 20, and the petition and schedules signed under penalty of perjury, which state that he resided at the Subject Property on the Petition Date. The Court will accept these sworn statements by the Debtor as true in light of the well-established precedent which requires this Court to construe the homestead exemption liberally in favor of the Debtor, and in light of the fact that Chavre has failed to prove any other address at which the Debtor does reside. *KLC, Inc,* 426 F.3d at 172.

Chavre argues that the Debtor actually resides in Pennsylvania, not at the Subject Property. However, Chavre has not provided the Court with any alternative address, in Pennsylvania or elsewhere, where the Debtor might be living. Therefore, Chavre has not sustained his burden of proving that the Debtor actually resides somewhere other than the Subject Property. Absent any evidence to the contrary, the Court finds that, as of the Petition Date, the Debtor owned and occupied the Subject Property as his principal residence and he resided there on a more regular basis than any other location.

### B. Can the unfinished basement constitute a "residence"?

Chavre argues that an unfinished basement without a certificate of occupancy or bathroom cannot fall within the statutory parameters of the homestead exemption. There is no dispute that the Subject Property constitutes a "lot of land with a dwelling thereon." N.Y. C.P.L.R. 5206. The four-unit apartment building is clearly a dwelling. *See, e.g.*, N.Y. Real Prop. Acts. Law § 782 (defining dwelling as "any building or structure or portion thereof which is occupied in whole or in part as the home, residence, or sleeping place of one or more human beings . . . "). Chavre's argument hinges not on the sufficiency of the "dwelling" as a whole. If the Debtor lived in one of the apartment units in the building on the Petition Date rather than the basement, it would be well-established that the apartment could qualify as his residence. Rather, Chavre claims that the unfinished nature of the basement precludes it from being the Debtor's "residence." The Court disagrees.

The Court finds the cases relied on by Chavre on this point unpersuasive. First, in *In re Scott*, the bankruptcy court held that there was "no requirement that a plot of land be instantly habitable in order to qualify as a homestead," but the fact that the debtor in that case took no

steps to mitigate the defects in the months following the bankruptcy filing lead the court to find that the debtor "did not have a bona fide intention" of making the property his residence as of the bankruptcy filing date. *Town of Skaneateles v. Scott (In re Scott)*, 233 B.R. 32, 41 (Bankr. N.D.N.Y. 1998). In the instant case, although the basement lacks basic facilities and a certificate of occupancy, the record supports a finding that the Debtor lived there on the Petition Date, and in fact, the Debtor has moved into one of the apartment units since the bankruptcy filing. *See id.* at 40 (while post-filing events "are not directly relevant to Debtor's eligibility for a homestead exemption, the Court may properly consider them to the extent that they are probative of facts as they existed at the earlier date."). Here, the Debtor did take steps post-bankruptcy filing to mitigate his living conditions by moving into an apartment unit, a fact not present in *In re Scott*.

The bankruptcy court in *In re Bace*, cited *In re Scott*, for the proposition that lack of basic necessities at a property "constitute[s] substantial evidence that it was not the debtor's homestead." *In re Bace*, 364 B.R. 166, 182 (Bankr. S.D.N.Y. 2007). However, in *In re Bace*, the record showed that the debtor, by his own admission, did not actually reside at the subject premises. Again, facts not relevant to the instant case. *See also In re Issa*, 501 B.R. 223 (Bankr. S.D.N.Y. 2013) (although the subject property lacked basic necessities, the debtor admitted that she did not actually physically occupy the subject premises).

The category of structures that can qualify as a "residence" is broad. "[T]he statute's absence of definition or enumeration with regard to 'residence' (or the lack thereof in the NYCPLR, NYD & CL or anywhere else in the Consolidated Laws) creates a broad category of 'residence.' Thus, a trailer or boat or similar dwelling used as an abode is not precluded from being considered a principal residence under NYCPLR § 5206(a) as long as it is occupied as such by the debtor. This result comports with the liberal construction to be accorded exemption

statutes in favor of a debtor and his family and the 'fresh start.'" *In re Miller*, 103 B.R. 65, 67 (Bankr. N.D.N.Y. 1989) (citation omitted); *see also In re Scott*, 233 B.R. at 39-40 (rejecting exemption on other grounds but acknowledging that mobile home would have fallen within exemption statute).

It is not for this Court to undertake a qualitative analysis of the Debtor's living conditions, and the Court will not find as a matter of law that an unfinished basement can never qualify as a residence for purposes of the homestead exemption.

## CONCLUSION

For the foregoing reasons, this Court upholds the Debtor's claimed homestead exemption in the Subject Property in this bankruptcy case. This holding in no way disrupts the judgment of sale or any other order or judgment entered in the state court related to the sale of the Subject Property.

Having found that the Debtor is entitled to claim the homestead exemption with respect to the Subject Property, the Court finds that the funds currently being held in escrow by Chavre's counsel are not property of this estate and are not available for distribution to unsecured creditors of this estate. Therefore, this Court finds that the $179,950 currently being held in escrow shall be distributed in accordance with applicable state law priorities as directed by the state court.

The Debtor is directed to submit a proposed order consistent with this Decision.

Dated: Central Islip, New York
December 21, 2023



Robert E. Grossman
United States Bankruptcy Judge